UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRIYAR COMPANIES, LLC, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 3:12-CV-294 |
| LEXINGTON INSURANCE COMPANY, *et al*, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case requires the Court to determine whether a coverage dispute between insurer and insured has ripened into an actual controversy. Plaintiffs are Triyar Companies, Inc., a real estate development firm, and fifteen of its associated business entities (collectively, Triyar). Triyar sues for a declaratory judgment that one of its insurers, Defendant Lexington Insurance Company, is liable for alleged hailstorm damage to a number of its Phoenix, Arizona area properties. Triyar also requests a declaration that Lexington will breach the insurance policy and its duty of good faith and fair dealing if it does not promptly pay Triyar's claims.

Lexington has moved to dismiss on the ground that—because it is still investigating Triyar's claim, Triyar has not submitted a proof of loss, and Lexington has not officially denied Triyar's claim—there is no ripe, justiciable controversy between the parties. The Court has considered the briefing and arguments of counsel, the facts of the case, and the applicable law. It now holds

1

that Triyar's request for a declaration that it is entitled to coverage under the policy is ripe for adjudication, but that its request for a declaration that Lexington will commit a breach of contract and a breach of its duty of good faith by not paying Triyar's claim is not.  The Court therefore **GRANTS IN PART** and **DENIES IN PART** Lexington's motion to dismiss.

I.   BACKGROUND

Triyar is a real estate company that, through an array of subsidiaries, owns hundreds of commercial properties nationwide, including 51 properties in the Phoenix area.[1]  During the time relevant to this case, Triyar insured the Arizona properties through a structured policy for primary and excess insurance with seven different insurance companies.  Defendant Lexington was the company responsible for providing the primary level of coverage on the policy, up to a limit of $10 million.

On October 5, 2010, a major wind and hailstorm struck the Phoenix area.  Triyar alleges that its Arizona properties suffered significant damage from the storm.  On October 1, 2012, Triyar provided notice to its insurers that several dozen of its Arizona properties had suffered wind and hail damage.  Shortly thereafter, on October 5, exactly two years after the storm, it filed suit in this Court

---

[1] Following the standard for analyzing Rule 12(b)(1) motions, the Court's analysis takes into account the well-pleaded facts in Triyar's complaint as well as the undisputed facts.  *See infra* p. 3.

alleging its properties "sustained extensive and substantial damage, including but not limited to the exteriors, roofs, window structures and HVAC systems," and requesting declaratory relief against all seven insurers. Docket Entry No. 1 at 10–11. Triyar later reached tolling agreements with the six insurers providing excess coverage and voluntarily dismissed its claims against them without prejudice. In its live pleading, Triyar sues only Lexington.

## II.   STANDARD OF REVIEW

"A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice, Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (citation and internal punctuation omitted); *see Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008) (stating that the standard for reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)). In evaluating a motion to dismiss for lack of subject matter jurisdiction, however, courts may consider "a broader range of materials." *Wynne*, 533 F.3d at 365 n.2. These materials may include "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

### III. DISCUSSION

#### A. The Declaratory Judgment Standard

Triyar asks this Court for a declaration that Lexington is obligated to provide coverage under the insurance policy, and for a declaration that Lexington will breach the policy and its duty of good faith if it fails to pay. Lexington argues that there is no actual controversy for this Court to resolve because Triyar's suit is not ripe. It argues that the claimed dispute is speculative and may never truly arise because Triyar filed suit four days after notifying Lexington of its potential claim, Triyar never submitted a sworn proof of claim and continues to calculate its damages, and Lexington has not denied Triyar's claim.

The Declaratory Judgment Act allows this Court, in the case of an "actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). The Supreme Court requires that, to meet the background case-or-controversy requirement of Article III, a declaratory judgment "dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations and internal punctuation omitted).

As with all cases, one part of the case-or-controversy requirement is that declaratory judgment actions be ripe for adjudication. *See Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002). However, as the Fifth Circuit and other courts have noted, "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (citing *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 692 (1st Cir. 1994), and noting that court's comment that "declaratory actions contemplate an ex ante determination of rights that exists in some tension with traditional notions of ripeness" (internal quotation marks omitted)). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical. The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586–87 (5th Cir. 1987) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)) (internal citations omitted). The fitness considerations ask whether the issues at stake are purely legal or whether further factual development is necessary to resolve the case. *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003). The hardship inquiry examines the difficulty the parties will face if a judicial decision is denied. *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 162 (1967).

## B. Declaration to Establish Coverage

The Court first addresses Triyar's request for a declaration regarding whether it is entitled to coverage for the damage to its Arizona properties under its Lexington policy. *See* Docket Entry No. 52 at 10 ("Plaintiffs seek a declaration that . . . Defendants have a duty to pay the full amount of benefits due under the policies, in their relevant proportions."). With respect to the fitness considerations, it is true that the parties have not yet determined the amount of Triyar's damages. But Triyar does not ask the Court to enter a ruling based on some speculative future event. The factual basis for Triyar's claim—the October 2010 hailstorm—is a past event that is neither abstract nor hypothetical. *Cf. St. Johns United Methodist Church v. Delta Elec., Inc.*, No. 3:11-57, 2012 WL 3205045, at *2 (S.D. Tex. Aug. 3, 2012) (denying a motion to dismiss for lack of ripeness where the alleged conduct giving rise to the claims had already occurred). Declaratory judgment actions are often used to determine whether insurance coverage exists for damage caused by a past event, even in cases in which the plaintiff's damages have not yet been determined. *See, e.g.*, *Duane Read, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (holding that an insurance dispute arising out of damage caused by the September 11 terrorist attacks was ripe and noting that "[b]ecause the issue presented . . . concerned the scope of coverage, the standard for ripeness . . . was plainly satisfied"); *Certain Underwriters at Lloyd's*

*London v. A & D Interests, Inc.*, 197 F. Supp. 2d 741, 750 (S.D. Tex. 2002) (holding, in a case where insurers sought a declaration that they were not liable to the insured, that, "[w]hile the Court realizes that the precise amount of damages accruing to [the insurers] is not yet determinable (since the state court lawsuit against [the insured] is still ongoing, and [the insured's] liability, if any, has not yet been decided) . . . this mere fact alone does not negate the existence of an actual and real controversy." (citation omitted)); *Accardo v. Am. First Lloyds Ins. Co.*, No. H-11-0008, 2012 WL 1576022, at *5 n.3 (S.D. Tex. May 3, 2012) (holding ripe a declaratory judgment action to establish policy coverage for damage caused by an uninsured motorist); *see also Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) ("Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite 'future contingencies that will determine whether a controversy ever actually becomes real.'" (quoting 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2757 (2d ed. 1983))). The issues at stake here are fit for judicial decision.

The second ripeness consideration, the hardship of withholding decision, also favors a finding that this dispute is ripe. Triyar argues in passing that dismissal for want of ripeness would "[n]o doubt" allow Lexington to raise a limitations defense to certain claims in a future suit. Docket Entry No. 42 at 12. Although it is not obvious to this Court that limitations would apply (Triyar's

policy measures the limitation period from the date that notice of loss is served rather than from the date of loss, *see* Docket Entry No. 53 at 45–46), to the extent that there is a possibility that limitations could bar Triyar's claims in a future suit, that possibility also favors a finding of ripeness. *See Confederated Tribes & Bands of the Yakama Nation v. United States*, 89 Fed. Cl. 589, 617–18 (Fed. Cl. 2009) (holding that the possibility that the defendant might raise a limitations defense if the case were to be dismissed and refiled could cause hardship to plaintiff and thus supported a finding of ripeness).

Lexington's argument that Triyar's action is not ripe relies heavily on a recent decision from the Eleventh Circuit, *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 11-15683, 2013 WL 598389 (11th Cir. Feb. 15, 2013). In *Yacht Club*, the plaintiff submitted a claim for hurricane damage to its two insurers, and subsequently filed suit against them for breach of contract. *Id.* at *1. The plaintiff sent a formal proof of loss to the defendant providing the primary coverage layer, and that defendant responded with a letter that, though not a formal rejection, "made it clear that it would not further consider [plaintiff's] claim." *Id.* at *4. The *Yacht Club* court concluded that this letter served to "den[y] the claim at that time" and thus that the plaintiff's contract claim against the defendant was ripe. *Id.* However, the court also held that the plaintiff's contract claim against the other defendant, the excess coverage insurer, was not ripe

because the plaintiff had never submitted a proof of loss to that defendant and, accordingly, that defendant had never denied the plaintiff's claim. *Id.*

Lexington argues that its position is identical to that of the excess coverage insurer in *Yacht Club* because Triyar never submitted a sworn proof of loss and it has not denied Triyar's claim. But *Yacht Club* addressed the ripeness of a breach of contract claim rather than an action for a declaration to establish coverage. *See Yacht Club*, 2013 WL 598389, at *4. Triyar's action for a declaration to establish coverage under the policy is ripe for decision regardless whether a breach of that policy has occurred. *See Duane Read, Inc. v. St. Paul Fire & Marine Ins. Co.*, 261 F. Supp. 2d 293, 294–95 (S.D.N.Y. 2003) (holding that breach of contract claims relating to an insurance policy were unripe because the plaintiff had not submitted a proof of loss, but that the plaintiff's actions for a declaration of coverage under that same policy were ripe); *Accardo*, 2012 WL 1576022, at *3, 5 (holding a declaratory judgment action to establish coverage under an insurance policy to be ripe but dismissing as unripe a breach of contract claim based on that same policy); *see also Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) ("The declaratory judgment vehicle . . . is intended to provide a means of settling an actual controversy before it ripens into . . . a breach of a contractual duty." (citation omitted)). *Yacht Club* thus does not alter the Court's conclusion that both ripeness considerations support a finding that the declaratory judgment controversy is

9

justiciable. The Court has subject matter jurisdiction over Triyar's action for a declaratory judgment that it is entitled to coverage under the Lexington policy.

### C. Declaration Regarding a Future Breach

Triyar also requests a declaration that "any Defendant's failure to pay Plaintiffs the portion of damages for which that Defendant is responsible constitutes breach of contract as well as breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code." Docket Entry No. 52 at 12.

This is where Lexington's *Yacht Club* argument is persuasive. Triyar's request for a declaration that Lexington may commit a breach in the future is based not on the past hailstorm but on a speculative future event: that Lexington will wrongfully deny Triyar's claim for coverage under the policy.[2] Like in *Yacht Club*, a breach of contract claim would be premature under these circumstances. *See Yacht Club*, 2013 WL 598389, at *4; *see also Spicewood Summit Office Condos. Ass'n v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 466 (Tex. App.—Austin 2009, no pet.) (stating that a breach of contract claim would not have accrued until after the insured submitted its proof of loss). Similarly, an action by

---

[2] While Triyar argues in its response to the motion to dismiss that Lexington has in fact denied its claim, this argument appears to be based on a misinterpretation of Lexington's December 2012 letter, in which Lexington made it clear that it was continuing to consider and adjust Triyar's claim. *See* Docket Entry No. 42-3 at 1–2. Moreover, even though Triyar filed in its response an affidavit from its representative that claimed that Lexington denied Triyar's claim, *see* Docket Entry No. 42-5 at 3, two months later Triyar filed a second amended complaint in which it did not allege any such denial. *See* Docket Entry No. 52. Because Triyar does not now allege a denial, the Court holds it to be undisputed that Lexington has not yet denied Triyar's claim.

Triyar for breach of Lexington's duty of good faith would be premature before Lexington denies the claim or unreasonably delays or fails to act on it. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828–29 (Tex. 1990) (holding that a claim for the breach of the duty of good faith generally accrues when the insurer denies the claim); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 & n.5 (Tex. 1997) (holding that an insurer commits a breach by failing to reasonably investigate a claim). Thus, because Triyar is asking for a declaration of liability based on events that have not yet occurred, the issues are not fit for judicial decision and therefore are unripe. The Court need not consider whether Triyar would suffer hardship from a dismissal given that the parties have not briefed whether a limitations defense might bar a future action and, moreover, because courts in insurance cases often find claims to be unripe when they are not fit for decision. *See, e.g.*, *Yacht Club*, 2013 WL 598389, at \*4 (holding, without considering hardship, that a breach of contract claim was premature and therefore unripe); *Duane Read*, 261 F. Supp. 2d at 294–95 (same); *Accardo*, 2012 WL 1576022 at \*3 (same).

## IV. Conclusion

For the reasons discussed above, Lexington's motion to dismiss (Docket Entry No. 38) is **DENIED IN PART** with respect to Triyar's action for a declaration to establish Lexington's obligation to provide coverage under the policy. However, it is **GRANTED IN PART** with respect to Triyar's action for a declaration that Lexington will commit breach of contract, breach of its duty of good faith and fair dealing, and violations of the Texas Insurance Code if it fails to pay what is owed under the policy. That latter action is not ripe and is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

IT IS SO ORDERED.

SIGNED this 27th day of June, 2013.

_____
Gregg Costa
United States District Judge